## MORIMURA BROS. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 13, 1909.)

No. 212 (4,986).

1. CUSTOMS DUTIES (§ 37\*) — CLASSIFICATION—RICE PASTE CURTAINS—EJUSDEM GENERIS—"ARTICLES IN PART OF BEADS."

Curtains in chief value of rice paste formed into regular-shaped particles are dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 408, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673), relating to "articles \* \* \* in part of beads," not being excluded by the doctrine of ejusdem generis, though the paragraph also enumerates laces, wearing apparel, ornaments, etc.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 122; Dec. Dig. § 37.\*]

2. CUSTOMS DUTIES (§ 25\*)—CLASSIFICATION—"PASTE."

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 112, 30 Stat. 158 (U. S. Comp. St. 1901, p. 1635), for manufactures of "paste,"

includes only the form of paste which is a variety of glass, and does not embrace articles made from rice paste.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 25.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

There was no written opinion below, the Circuit Court affirming a decision by the Board of United States General Appraisers, G. A. 6,-628 (T. D. 28,257), which had affirmed the assessment of duty by the collector of customs at the port of New York. The board held that by virtue of the similitude clause in Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), the articles in question were dutiable as "articles * * * in part of beads," under section 1, Schedule N, par. 408, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673), even if they were not in fact composed of beads.

The paragraph referred to reads in part as follows:

"408. * * * Laces, embroideries, galloons, wearing apparel, ornaments, trimmings and other articles not specially provided for in this act, composed wholly or in part of beads or spangles made of glass or paste, gelatin, metal, or other material, but not composed in part of wool, sixty per centum ad valorem."

In the oral argument and in their brief the importers' counsel urged especially that the goods in controversy (curtains) were excluded from said paragraph under the doctrine of ejusdem generis, and contended for assessment either under Schedule B, par. 112, 30 Stat. 158 (U. S. Comp. St. 1901, p. 1635), relating to manufactures of "paste," or under section 6, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), relating to unenumerated manufactures.

The board's opinion reads as follows:

SHARRETTS, General Appraiser. The merchandise in question consists of curtains made of wood, cotton cord, and rice paste. It is stipulated in the record that rice paste is the component material of chief value in the completed articles, which are dealt in under the generic name of "rice curtains." * * * The only provision in the act for manufactures of "paste" is in the schedules dealing with "glass and glassware," and in both the jewelry and glassware schedules in the several paragraphs relating to "paste" the latter word is always coupled with glass. Hence we have no difficulty in reaching the conclusion that rice dough, although probably paste, within the dictionary definition of the word, is not the substance provided for in paragraph 112, which includes only the variety of glass known as "paste." U. S. v. Popper et al., 66 Fed. 51, 13 C. C. A. 325. In consonance with this conclusion we hold the disputed articles are either dutiable at 20 per cent. ad valorem, as claimed, under section 6, or at 60 per cent. ad valorem, as assessed, either directly or by similitude, under paragraph 408.

It requires merely an inspection of the exhibits in this case to show that rice curtains bear a very close resemblance to beaded curtains, if, indeed, they are not such in fact. The same conditions obtain as to numerous other articles, such as glass bead fan chains, necklaces, ornaments, etc., exact counterparts thereof now being made of rice dough, as may be seen by an inspection of the exhibits in Re Cattus, protest 250,770, decided concurrently with this case, Ab. 15,858 (T. D. 28,278). There is some evidence tending to show that the small particles, when removed from the strings—which may readily be done without destroying them—would be known as beads; but upon this point commercial designation cannot be invoked, the testimony being conflicting.

We are not much impressed with the argument of importers' counsel that beads must be made of some durable substance, nor that the particles, if separated from the strings, would be discarded as waste. Rice dough, if baked to extreme hardness, is equally as durable as gelatin, which is enumerated among the materials of which beads or spangles are made; nor would any attempt be made to recover glass beads of a similar size to those in question, were they to be separated from the string. Unquestionably both descriptions, if so separated, would be swept out as worthless. There is much force in the argument of the attorney for the government that witnesses who do not deal in rice curtains were not qualified to pass upon the commercial description of such articles. We do not, however, feel that it is incumbent upon us to determine whether or not the articles are composed wholly or in part of beads.

Section 7 provides that articles not enumerated in the tariff act, which are similar either in material, quality, texture, or the use to which they may be applied, to any article enumerated therein as chargeable with duty, shall pay the same rate of duty which is levied upon the enumerated article which it most resembles in any of the particulars mentioned. Curtains composed in chief value of beads are enumerated as articles composed wholly or in part of beads. Rice curtains are so similar to beaded curtains as to leave a doubt in our minds if they are not such in fact. They take their place among the latter in trade and commerce; and this fact alone, in our opinion, is sufficient to defeat the importers' claim. Even were all of the requirements of material, quality, texture, and intended purpose of use, etc., instead of any one, we do not think there is a sufficient difference between beads composed of gelatin or wax and baked rice dough, nor in either of the other respects mentioned, to eliminate them from the similitude provision.

In accordance with the views herein expressed, and following decisions of this board (see G. A. 6,150. T. D. 26,707, and G. A. 4,189, T. D. 19,495), we overrule the protests and affirm the decision of the collector in each case.

Kammerlohr & Duffy (John G. Duffy, of counsel), for appellants.
J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. Decision of the Circuit Court affirmed.